1 | Stephanie A. Hingle (SBN 199396)
2 | Nicholas L. Secord (SBN 237398)
  | KUTAK ROCK LLP
3 | 601 South Figueroa Street
  | Suite 4200
4 | Los Angeles, CA 90017
  | Telephone: (213) 312-4000
5 | Facsimile: (213) 312-4001
  | Email:    Stephanie.Hingle@KutakRock.com
6 | Email:    Nicholas.Secord@KutakRock.com

7 | Attorneys for Defendants
  | CARGILL, INC.

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| UNITED FOOD GROUP, LLC, a California Limited Liability Company, | Case No. |
| Plaintiff, | **CV11 - 7752** JHN (AJWx) |
| | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)** |
| v. | |
| CARGILL, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | (Los Angeles County Superior Court, Case No. BC 465430) |
| Defendants. | Complaint Filed: July 15, 2011 |

19 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

20 | **PLAINTIFF UNITED FOOD GROUP, LLC. AND ITS ATTORNEYS OF**

21 | **RECORD:**

22 | **PLEASE TAKE NOTICE** that Defendant Cargill, Inc. ("Defendant"), by

23 | its undersigned attorneys, hereby removes the above-entitled state court action,

24 | Case No.: BC 465430, from the Superior Court of the State of California, County

25 | of Los Angeles – Central District to the United States District Court for the Central

26 | District of California, Western Division, on the basis of diversity jurisdiction. In

27 | support of this Notice of Removal, Defendants state as follows:

28 | ///

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

1

A.    Introduction

This case is hereby removed from state court to federal court because there is complete diversity between Plaintiff United Food Group, LLC. ("Plaintiff") and Cargill, Inc., the only named Defendant before the Court.[1]   Further, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.   Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332.

B.    The State Court Action

On or about July 15, 2011, a civil action was commenced in the Superior Court of the State of California in Los Angeles County entitled United Food Group LLC v. Cargill, Inc., et al., having been assigned Case No. BC 465430 (Los Angeles Super. Ct. July 15, 2011).   The complaint asserts claims for equitable indemnity – strict liability, equitable indemnity - negligence, comparative equitable indemnity, breach of implied warranties, and declaratory relief.   (See Pltf.'s Compl., attached hereto as Exhibit "A" at pp. 5-10.)   Plaintiff generally alleges that it was a mid-chain supplier of Cargill-produced beef allegedly contaminated with E.Coli, and as a result paid in excess of $11,500,000 in claims made on behalf of affected consumers.   Plaintiff alleges that the source of the alleged E.Coli contamination can be traced to Defendant, and that Plaintiff is therefore, entitled to reimbursement of the monies paid under various equitable indemnity theories. (See id. at 3-4.)

C.    Pleading and Process

As required by 28 U.S.C. § 1446(a), attached are copies of all state court process, pleadings and orders served upon Defendant in the removed case. (See Exhibit "A.")

///

///

---

[1] As reflected in the Request for Dismissal, attached as Exhibit "B", all other named defendants were dismissed on August 22, 2011.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441 (B) (DIVERSITY)

CASE NO.

D.     The Removal is Timely

The first date upon which any named defendant was served with a copy of said Complaint in the removed case was September 2, 2011, when Cargill Inc. acknowledged receipt of the Summons and Complaint by Notice of Acknowledgement and Receipt. (*See* Notice and Acknowledgement of and Receipt dated September 2, 2011, included within Exhibit "A.")  Accordingly, this Notice of Removal is filed within 30 days of service upon any defendant and, therefore, is timely under 28 U.S.C. § 1446(b). (*See United Computer Sys., Inc. v. AT&T Corp.,* 298 F.3d 756, 762 (9th Cir. 2002).)

E.     Basis for Removal – Diversity Jurisdiction

This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

F.     Amount in Controversy

The amount in controversy for this matter exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332 (2006); *see also Campbell v. State Farm Mut. Auto. Ins. Co.,* No. CV87-7759 JMI (GHKx), 1988 U.S. Dist. LEXIS 19496, at *2-3 (C.D. Cal. Sept. 27, 1988) ("For removal purposes, the amount in controversy is to be determined by the allegations in the complaint or where they are not dispositive, by allegations in the petition for removal").) The Complaint alleges that Plaintiff is entitled to reimbursement for claims paid totaling in excess of $11,500,000.00. (*See* Exhibit "A" at p. 11 ¶ 1.)

G.     Diversity Between Plaintiff And Defendant

The requisite complete diversity of citizenship exists between Plaintiff and Defendant. (*See* 28 U.S.C. §1332 (2006); *see also Faysound, Ltd. v. United Coconut Chems., Inc.,* 878 F.2d 290, 295 (9th Cir. 1989).)

- 3 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441 (B) (DIVERSITY)

CASE NO.

Citizenship of Plaintiff

According to the Complaint, Plaintiff United Food Group, LLC is, and at the time of the filing of this action was, a California limited liability company with its principal place of business in the city of Vernon, County of Los Angeles, State of California. Plaintiff is therefore a citizen of California for purposes of federal diversity jurisdiction. (*See* 28 U.S.C. §1332(c)(1) (2006).)

Citizenship of Defendant, Cargill, Inc.

Defendant Cargill, Inc. is, and at the time of the filing of this action was, incorporated in the State of Delaware and with its principal place of business in the State of Minnesota.   Cargill, Inc. is not a citizen or resident of the State of California for diversity purposes.  Defendant Cargill, Inc. is therefore a citizen of Delaware and Minnesota for purposes of federal diversity jurisdiction.  (*See* 28 U.S.C. §1332(c)(1) (2006).)

H.   Consent and Joinder of Defendants

Cargill, Inc. is the only named defendant.  All other named defendants have been dismissed.  Moreover, Defendant is not required to gain the consent of the dismissed defendants or any Doe defendants. (*See Salveson v. W. States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the Ninth Circuit rule is that "a party not served need not be joined" in a notice of removal), *superseded by statute on unrelated grounds, as noted in Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1392 n.3 (9th Cir. 1988); *see also Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).)

I.   Notice Given

Pursuant to 28 U.S.C. § 1446(d), Defendant is filing this Notice of Removal concurrently with the State Court in which the action is currently pending.   In addition, Notice of Filing Notice of Removal was served concurrently on Plaintiff's counsel.

///

- 4 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441 (B) (DIVERSITY)

CASE NO.

1    J.    Venue

2    The United States District Court of the Central District of California,

3    Western Division, embraces the county in which the State Court action is now

4    pending and, therefore, this Court is a proper venue for this action. (28 U.S.C. §§

5    84(c)(1), 1441(a) (2006).)

6    K.    Additional Discovery, Briefing, and Argument

7    If any question arises as to the propriety of this removal, Defendant requests

8    the opportunity to conduct discovery or brief any disputed issues and to present

9    oral argument in support of their position that this case is properly removable.

10    L.    Non-Waiver of Defenses

11    Nothing in this Notice of Removal or related documents shall be interpreted

12    as a waiver or relinquishment of Defendant's right to assert any defense or

13    affirmative matter in this proceeding.

14    M.    Conclusion

15    Accordingly, Cargill, Inc. respectfully requests that this action now pending

16    in the Los Angeles County Superior Court be removed to this Court and that this

17    action be placed upon the docket of this Court for further proceedings as though

18    originally instituted in this Court.

19    Dated:  September 19, 2011          KUTAK ROCK LLP

20

21                                       By: _____

22                                          Stephanie A. Hingle
                                           Nicholas L. Secord
23                                         Attorneys for Defendant
                                           CARGILL, INC.
24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441 (B) (DIVERSITY)                                    CASE NO.

# EXHIBIT "A"

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, Bar number, and address): <br> Jeffrey H. Ikejiri (State Bar No. 245256) <br> **DAVIS WRIGHT TREMAINE LLP** <br> 865 South Figueroa Street, Suite 2400 <br> Los Angeles, California 90017-2566 <br> TELEPHONE NO: (213) 633-6800   FAX NO: (213) 633-6899 <br> ATTORNEY FOR (Name): Plaintiff United Food Group, LLC | **FOR COURT USE ONLY** <br> Of ... <br> Los Angeles Superior Court <br> **JUL 15 2011** <br> John A. Clarke, Executive Officer/Clerk <br> By _____ Deputy <br> LaFLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME: United Food Group, LLC v. Cargill, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **B C 4 6 5 4 3 0** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☒ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 6
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 15, 2011

Jeffrey H. Ikejiri
_____   ►   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] <br> DWT 17512310v1 0094139-000

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE:<br>United Food Group, LLC v. Cargill, Inc., et al. | CASE NUMBER<br>B C 4 6 5 4 3 0 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL ___15___ ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☒ A7260 Product Liability (not asbestos or toxic/environmental) | 1., ②, ③, 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

COPY

DWT 17512258v2 0094139-000001


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE:<br>United Food Group, LLC v. Cargill, Inc., et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkFlow.com


| SHORT TITLE: | CASE NUMBER |
|---|---|
| United Food Group, LLC v. Cargill, Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**



American LegalNet, Inc.
www.FormWorkFlow.com

| SHORT TITLE:<br>United Food Group, LLC v. Cargill, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>3425 E. Vernon Ave. |
|---|---|
| CITY:<br>Vernon | STATE:<br>CA | ZIP CODE:<br>90058 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: July 15, 2011

(SIGNATURE OF ATTORNEY/FILING PARTY)
Jeffrey H. Ikejiri

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
DWT 17512258v2 0094139-000001

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
CARGILL, INC., a Delaware corporation; CARGILL MEAT SOLUTIONS
CORPORATION, a Delaware corporation; CARGILL MEAT SOLUTIONS
CORPORATION, a Delaware corporation dba BEEF PACKERS, INC., dba THE
FRESNO MEAT COMPANY; BEEF PACKERS, INC., a California corporation;
BEEF PACKERS, INC., a California corporation, dba THE FRESNO MEAT
COMPANY; CARGILL MEAT LOGISTICS, a Kansas corporation; CARGILL
VALUE ADDED MEATS; CARGILL, INC., dba CARGILL/EXCEL; and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
UNITED FOOD GROUP, LLC, a California Limited Liability Company

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 15 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
Amber LaFleur-Clayton

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court, Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**BC465430**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey H. Ikejiri (State Bar No. 245256)    Telephone (213) 633-6800    Fax (213) 633-6899
DAVIS WRIGHT TREMAINE LLP, 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017-2566

DATE:                                              Clerk, by _____**AMBER LaFLEUR-CLAYTON**_____, Deputy
*(Fecha)*                                          *(Secretario)*                                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JUL 15 2011

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

REC'D/SCANNED
AUG 23 2011

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | **DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA STREET
2 | SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
3 | TELEPHONE (213) 633-6800
FAX (213) 633-6899
4 |
JEFFREY H. IKEJIRI (State Bar No. 245256)
5 | jeffikejiri@dwt.com
6 | Attorneys for Plaintiff
UNITED FOOD GROUP, LLC
7 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 15 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. El LaFLEUR-CLAYTON

8 |                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                         FOR THE COUNTY OF LOS ANGELES

10 |                                              **B C 4 6 5 4 3 0**

11 | UNITED FOOD GROUP, LLC, a California   ) Case No.
Limited Liability Company,              )
12 |                                         )
                    Plaintiff,             ) **COMPLAINT FOR:**
13 |                                         )
          v.                               ) 1.   **EQUITABLE INDEMNITY –**
14 |                                         )      **STRICT LIABILITY**
                                           ) 2.   **EQUITABLE INDEMNITY –**
15 | CARGILL, INC., a Delaware corporation;  )      **NEGLIGENCE**
CARGILL MEAT SOLUTIONS            ) 3.   **COMPARATIVE EQUITABLE**
16 | CORPORATION, a Delaware corporation;    )      **INDEMNITY**
CARGILL MEAT SOLUTIONS            ) 4.   **BREACH OF IMPLIED**
17 | CORPORATION, a Delaware corporation dba )      **WARRANTIES**
BEEF PACKERS, INC., dba THE FRESNO ) 5.   **DECLARATORY RELIEF**
18 | MEAT COMPANY; BEEF PACKERS, INC., )
a California corporation; BEEF PACKERS,  )
19 | INC., a California corporation, dba THE )
FRESNO MEAT COMPANY; CARGILL       )
20 | MEAT LOGISTICS, a Kansas corporation;   )
CARGILL VALUE ADDED MEATS;        )
21 | CARGILL, INC., dba CARGILL/EXCEL; and )
DOES 1 through 50, inclusive,           )
22 |                                         )
                    Defendants.            )
23 | _____)

24 |

25 |

26 |                                              REC'D/SCANNED
                                              AUG 23 2011
27 |

28 |

COMPLAINT
DWT 17565472v2 0094139-000001



**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff UNITED FOOD GROUP, LLC, a California Limited Liability Company ("UFG"), alleges as follows:

## THE PARTIES

1.    Plaintiff UNITED FOOD GROUP, LLC is a California Limited Liability Company, with its principal place of business in the City of Vernon, County of Los Angeles, California. UFG is a distributor of food products, including beef.

2.    UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL, INC. is a Delaware corporation qualified to do business in the State of California. CARGILL, INC. is a privately held international processor of food and other products, including beef. CARGILL, INC. is the parent company of, and wholly owns, CARGILL MEAT SOLUTIONS CORPORATION, BEEF PACKERS, INC., CARGILL MEAT LOGISTICS, THE FRESNO MEAT COMPANY, EXCEL®, EXCEL® FRESH MEATS, and CARGILL VALUE ADDED MEATS, among other subsidiaries (hereinafter collectively referred to as the "Cargill Entities"). CARGILL, INC. has its world headquarters in Minneapolis, Minnesota, its meat business headquarters in Wichita, Kansas, is qualified to do business in California, and has a major center of beef processing operations located in California.

3.    UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT SOLUTIONS CORPORATION is a Delaware corporation with its principal place of business in Wichita, Kansas and is qualified to do business in California.

4.    UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT SOLUTIONS CORPORATION was at certain times relevant herein doing business as BEEF PACKERS, INC., with its principal place of business in California.

5.    UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant BEEF PACKERS, INC. is a California corporation with its principal place of business in California.

COMPLAINT
DWT 17565472v2 0094139-000001

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant BEEF PACKERS, INC., a California corporation, was at certain times relevant herein doing business as THE FRESNO MEAT COMPANY, with its principal place of business in California.

7. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT LOGISTICS is a Kansas corporation with its principal place of business in Wichita, Kansas, with a major center of beef processing operations located in California.

8. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT SOLUTIONS CORPORATION was at certain times relevant herein doing business as CARGILL/EXCEL and/or sold beef under the brand name(s) of EXCEL® and/or EXCEL® FRESH MEATS out of its beef processing plant in located in California.

9. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL VALUE ADDED MEATS is a division of CARGILL, INC., and is a corporation of unknown origin with a central beef processing plant located in California.

10. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Cargill Entities operates beef slaughter and fabrication facilities and manufactures, processes, distributes, and supplies beef products to processors, distributors, retailers, and other institutions throughout the United States, including UFG.

11. UFG is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 though 50, inclusive, and, therefore, sues said defendants by such fictitious names. UFG will amend this Complaint to allege their true names and capacities when ascertained. UFG is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is in some manner responsible for the acts and events alleged herein, and that UFG's damages and other relief sought herein was proximately caused by their conduct. Each reference in this Complaint to "Defendant" or "Defendants," also refers to all Defendants sued under fictitious names.

COMPLAINT
DWT 17565472v2 0094139-000001

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

12.    UFG is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants were the agents, employees, partners, principals, representatives, and/or affiliates of each of the remaining Defendants and were, at all times herein mentioned, acting within the course and scope of such relationships, unless otherwise alleged.  Moreover, at all times herein mentioned, each Defendant did confirm, consent to, affirm, direct, authorize, acknowledge, and ratify the acts of each and every other Defendant herein as to each of the acts hereinafter alleged.

### STATEMENT OF FACTS

13.    *E. coli* O157:H7 is a specific member of a bacterial family that can cause illness in humans.  After a susceptible individual ingests *E. coli* O157:H7, the bacteria attaches to the inside surface of the large intestine and initiates an inflammatory reaction of the intestine.  *E. coli* O157:H7 can produce a wide spectrum of disease from mild, non-bloody diarrhea to severe bloody diarrhea to, rarely, life-threatening complications.

14.    Based on the investigation by the United States Department of Agriculture's Food Safety and Inspection Service's ("FSIS"), on June 3, 2007, UFG voluntarily recalled 75,000 pounds of ground beef due to possible *E. coli* O157:H7 contamination.  The ground beef subject to recall allegedly had been produced by UFG in April 2007, and shipped to distribution centers in Arizona, California, Colorado, Oregon, and Utah.  By June 9, 2007, UFG had expanded the recall to include a total of approximately 5.7 million pounds of ground beef produced between April 6 and April 20, 2007, and shipped to eleven western states, including California, Arizona, Idaho, Montana, Nevada, North Dakota, Oregon, Utah, Washington, and Wyoming.

15.    UFG supplies fresh and frozen beef products, with Lean Finely Textured Beef ("LFTB") incorporated within the finished products, to retail stores.  Some beef is packaged into "chubs" at UFG.  Other beef is sold to retail stores that then "regrind" and repackage the beef for sales to consumers.  UFG purchases its beef products, including the beef products allegedly related to the *E. coli* outbreak, from beef processors including Defendants.

16.    UFG traced the source of tainted beef associated with the *E. coli* O157:H7 outbreak to limited suppliers:  Defendant CARGILL, INC. and/or one of its subsidiary Cargill

COMPLAINT
DWT 17565472v2 0094139-000001

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Entities, who supplied UFG with tainted beef processed in April 2007; Does 1 through 50, who

2    supplied UFG with tainted beef processed in April 2007.

3        17.    As a result of the *E. coli* outbreak and recall, beginning in June 2007, UFG

4    received over 225 claims from consumers of the allegedly contaminated beef products

5    (collectively, "Claimants"), and was sued by one of the Claimants, in a case captioned *Lawrence*

6    *Fournier as Guardian ad Litem on behalf of Lauren Fournier, a minor v. United Food Group,*

7    *LLC, a California corporation and Does 1 through 20, Inclusive*, in the Superior Court of

8    Riverside County, Case No. RIC 473462.

9        18.    UFG denied and continues to deny liability for each Claimant's damages; however,

10   based on investigation confirming the source of the beef and/or reasonable and independently

11   verifiable information related to the purchase date, place, and type of beef product consumed by

12   the Claimants as well as health records establishing confirmed or suspected *E. coli* O157:H7-

13   related illness, there was a reasonable probability that UFG would be held liable to the Claimants

14   for their damages relating to their illnesses.

15       19.    To protect its rights, therefore, even though Defendants and not UFG were

16   ultimately responsible for the *E. coli* outbreak, UFG has since April 2009 paid out and settled

17   certain of the Claimants' claims for personal and economic damages in excess of $11,500,000.00,

18   which amounts are based on reasonable estimates of UFG's liability at the time of all such

19   payments, based on facts known at the time and in the face of actual, potential, or reasonably

20   apparent liability.

21       20.    UFG asserted in its Answer to the *Fournier* Complaint that other parties were

22   liable for the damages alleged therein. UFG further sent letters to suppliers including some

23   Defendants, requesting that they participate in and contribute to settlements with Claimants;

24   Defendants, and each of them, refused. In all releases and settlements entered into with the

25   Claimants, UFG has expressly reserved its right to pursue claims against Defendants and others.

26

27

28

COMPLAINT
DWT 17565472v2 0094139-000001

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

21.     By virtue of UFG's status as an alleged mid-chain supplier of the Tainted Beef, UFG has paid claims to the Claimants totaling, to date, in excess of $11,500,000.00. UFG has also paid attorneys fees and costs to defend the Claimants' claims and the *Fournier* lawsuit in an amount according to proof at trial.

22.     On March 31, 2010, UFG and the Cargill Entities entered into a tolling agreement, which tolled any applicable statute of limitations. This agreement was in effect until July 10, 2011, when it was terminated in the manner set forth in said agreement. As such, this action was commenced within the applicable statute of limitations.

## FIRST CAUSE OF ACTION

## TOTAL EQUITABLE INDEMNITY BASED ON DEFENDANTS' STRICT LIABILITY

### (By UFG Against All Defendants)

23.     UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 above, as if the same were set forth completely herein.

24.     Defendants, and each of them, are product manufacturers of the beef contaminated with *E. coli* O157:H7 ("Tainted Beef") to UFG.

25.     Defendants, and each of them, produced, manufactured, processed, supplied, and distributed the Tainted Beef to UFG.

26.     Defendants, and each of them, owed a duty to UFG to manufacture a product that was reasonably safe in construction, i.e., for human consumption, and that did not materially deviate from applicable specifications or otherwise deviate in some material way from otherwise identical units in the food products manufactured by Defendants.

27.     The food products that injured the Claimants, which food was manufactured by Defendants, were not reasonably safe in construction or safe for human consumption because they were contaminated and adulterated with *E. coli* O157:H7.

28.     Because the food manufactured by the Defendants, sold to UFG, and consumed by the Claimants, was not reasonably safe in construction or for human consumption, Defendants, and each of them, are strictly liable for the damages suffered by the Claimants as a result of their consumption of contaminated food.

COMPLAINT
DWT 17565472v2 0094139-000001

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

29.     UFG denies that it is in any way responsible for the *E. coli* outbreak or Claimants' damages.  However, UFG faced actual, potential, or reasonably apparent liability, and therefore has paid the Claimants' claims based on a reasonable estimate of its potential liability based on the facts known at the time of settlement.

30.     As a direct and proximate result of Defendants' acts and omissions, including the manufacture, processing, and delivery into the stream of commerce the Tainted Beef described above, the consumption thereof by the Claimants, and the reasonable payment in settlement of those claims by UFG, UFG has suffered economic damages, incidental damages, and consequential damages in an amount according to proof at trial, including but not limited to damages for payment of the Claimants' claims and attorneys fees and costs, and other ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances.

31.     The damages alleged in the Complaint were primarily and actively caused by Defendants.  UFG was not actively negligent, nor was UFG a volunteer.  Equity requires that Defendants fully indemnify UFG.  UFG is therefore entitled to total and complete indemnity from Defendants, and each of them, from any loss it has sustained as a result, including, but not limited to, the past and future amounts of settled claims paid by UFG plus all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

32.     Further, in the event that UFG is held responsible to any other person(s) or entity(ies) for any loss or damage relating to or arising out of the *E. coli* outbreak, then UFG is entitled to total and complete indemnity from Defendants, and each of them, from any loss it may sustain in the future as a result, including, but not limited to, all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

33.     Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants'

COMPLAINT
DWT 17565472v2 0094139-000001

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  claims, the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all future

2  actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

### SECOND CAUSE OF ACTION

### TOTAL EQUITABLE INDEMNITY BASED ON DEFENDANTS' NEGLIGENCE

#### (By UFG Against All Defendants)

6       34.    UFG re-alleges and incorporates herein by reference each and every allegation

7  contained in paragraphs 1 through 33 above, as if the same were set forth completely herein.

8       35.    Defendants, and each of them, were negligent in manufacturing, processing,

9  distributing, supplying, and selling a product that was not reasonably safe in construction, i.e., for

10  human consumption.

11       36.    Defendants, and each of them, had duties to comply with all statutory and

12  regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling

13  and sale of their food products, including, but not limited to, the Federal Food, Drug and

14  Cosmetics Act and its California state equivalent, which ban the manufacture, sale, and

15  distribution of "adulterated" food.

16       37.    Defendants, and each of them, owed a duty to UFG and the Claimants to use

17  supplies and raw materials that complied with federal, state, and local food laws, ordinances, and

18  regulations; that were from safe and reliable sources; that were clean, wholesome, and free from

19  spoilage and adulteration; and that were safe for human consumption.

20       38.    Defendants, and each of them, owed a duty to UFG and the Claimants to use

21  reasonable care in the selection, supervision, and monitoring of their food suppliers or other

22  subcontractors.

23       39.    Defendants, and each of them, breached the aforementioned duties as alleged

24  herein by manufacturing, processing, distributing, supplying, and selling a product that was not

25  reasonably safe in construction or safe for human consumption because it was contaminated and

26  adulterated with *E. coli* O157:H7.

27

28

---

COMPLAINT
DWT 17565472v2 0094139-000001

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

40.     As a result of the negligence of each Defendant as herein alleged, UFG suffered economic loss and consequential damages, including, but not limited to, UFG's attorneys fees and costs to defend and settle said Claimants' claims and the *Fournier* lawsuit.

41.     The damages alleged in the Complaint were primarily and actively caused by Defendants.  UFG was not actively negligent, nor was UFG a volunteer.  Equity requires that Defendants fully indemnify UFG.  UFG is therefore entitled to total and complete indemnity from Defendants, and each of them, from any loss it has sustained as a result, including but not limited to the past and future amounts of settled claims paid by UFG plus all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

42.     Further, in the event that UFG is held responsible to any other person(s) or entity(ies) for any loss or damage relating to or arising out of the *E. coli* outbreak, then UFG is entitled to total and complete indemnity from Defendants, and each of them, from any loss it may sustain in the future as a result, including but not limited to all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

43.     Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants' claims and the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all future actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

## THIRD CAUSE OF ACTION

## COMPARATIVE EQUITABLE INDEMNITY

### (By UFG Against All Defendants)

44.     UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43 above, as if the same were set forth completely herein.

---

COMPLAINT
DWT 17565472v2 0094139-000001

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

45. The damages alleged in the Complaint were primarily and actively caused by Defendants. UFG was not actively negligent, nor was UFG a volunteer. If it is determined that UFG is partially liable for any *E. coli* outbreak-related damages, which liability is expressly denied, UFG is entitled to comparative indemnity from Defendants, and each of them, from any loss it has sustained as a result, including, but not limited to, the past and future amounts of settled claims paid by UFG plus all costs, attorneys' fees, and/or judgments which might be rendered against UFG, based upon a determination of the proportionate negligence and fault of all parties.

46. Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants' claims and the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all future actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTIES

### (By UFG Against All Defendants)

47. UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 above, as if the same were set forth completely herein.

48. UFG bought the beef products at issue from Defendants.

49. At the time of purchase, Defendants were, and are currently in, the business of selling such products.

50. Defendants, and each of them, provided implied warranties to UFG relative to the beef products they sold to UFG, including but not limited to the implied warranties of merchantability, safety, and fitness for human consumption, and fitness for a particular purpose, i.e., resale to consumers for human consumption.

51. UFG reasonably relied upon the skill and judgment of Defendants as to whether the products were of merchantable quality and fit for resale to consumers and for human consumption.

COMPLAINT
DWT 17565472v2 0094139-000001

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

52.  The food products that injured the Claimants, which food was manufactured by Defendants, did not conform to Defendants' implied warranties, because they were contaminated with and adulterated with *E. coli* O157:H7.

53.  Defendants, and each of them, breached these implied warranties in that their food products sold to UFG were contaminated with and adulterated with *E. coli* O157:H7.

54.  UFG took reasonable steps to notify Defendants of said breach.

55.  As a direct and proximate result of the Defendants' breach of these implied warranties, the consumption thereof by the Claimants, and the reasonable payment in settlement of those claims by UFG, UFG has suffered economic damages, incidental damages, and consequential damages in an amount according to proof at trial, including but not limited to damages for payment of the Claimants' claims and attorneys fees and costs, and other ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances.

56.  Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants' claims and the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all future actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

## FIFTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (By UFG Against All Defendants)

57.  UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 56 above, as if the same were set forth completely herein.

58.  An actual and substantial controversy has arisen and now exists between UFG and Defendants, and each of them, concerning their respective rights and duties with respect to the Claimants' damages as a result of the *E. coli* outbreak as alleged herein, and to the extent that any damages, judgments, or other awards are rendered against UFG, it is entitled to a finding of indemnification from Defendants, and each of them, as well as recovery of its attorneys' and consultant fees and costs whether a judgment is entered or not.

COMPLAINT
DWT 17565472v2 0094139-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

59.    UFG seeks a judicial determination of its rights and the duties of the parties, and a declaration that Defendants, and each of them, are obligated to defend, indemnify, and hold UFG harmless for the damages and losses incurred as a result of the *E. coli* outbreak, as well as reimburse UFG for all expenses it may incur and has incurred in defense of the Claimants' claims, the claims of any other person(s) or entity(ies), and the prosecution of this Complaint.

60.    Such a declaration is necessary and appropriate at this time so that UFG may ascertain its rights and duties relative to the prosecution and defense of this action and the payment of damages, judgments, or other awards to the extent any are awarded against UFG.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff UNITED FOOD GROUP, LLC prays for the entry of orders or judgment, jointly and severally against Defendants, and each of them, including Does 1 – 50, inclusive, as follows:

1.    For full equitable indemnity in an amount to be determined at trial according to proof, but in the amount not less than $11,500,000.00, together with interest thereon as provided by law;

2.    For comparative equitable indemnity;

3.    For declaratory relief;

4.    For all other general, compensatory, special, consequential, and incidental damages according to proof;

5.    For costs of suit incurred herein;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT
DWT 17565472v2 0094139-000001

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6.    For attorneys' fees, pursuant to California Code of Civil Procedure § 1021.6 and as otherwise afforded under the law; and

7.    For such other and further relief as the Court deems just and proper.

DATED: July 15, 2011

DAVIS WRIGHT TREMAINE LLP
JEFFREY H. IKEJIRI

By: _____
        Jeffrey H. Ikejiri

Attorneys for Plaintiff
UNITED FOOD GROUP, LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JEFFREY H. IKEJIRI (State Bar No. 245256)<br>DAVIS WRIGHT TREMAINE LLP<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566<br>  TELEPHONE NO:  (213) 633-6800     FAX NO. *(Optional)*:  (213) 633-6899<br>E-MAIL ADDRESS *(Optional)*:  jeffikejiri@dwt.com<br>ATTORNEY FOR *(Name)*:  Plaintiff United Food Group, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS:  111 North Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Los Angeles, CA 90012
  BRANCH NAME:  Central District – Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: UNITED FOOD GROUP, LLC

DEFENDANT/RESPONDENT: CARGILL, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 465430 |
|---|---|

TO *(insert name of party being served)*: CARGILL, INC., a Delaware corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 22, 2011

Jeffrey H. Ikejiri
_____                          ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*: Civil Case Cover Sheet and Addendum, Notice of Case Assignment, ADR Information, Voluntary Efficient Litigation Stipulations

*(To be completed by recipient):*

Date this form is signed:  2 September 2011

Ralph A. Weber, Atty. for
Cargill, Inc.
_____                          ▶ _____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>DWT 17686952v1 0094139-000001 | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

# EXHIBIT "B"

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jeffrey H. Ikejiri (State Bar No. 245256)<br>DAVIS WRIGHT TREMAINE LLP<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, California 90017-2566<br>TELEPHONE NO.: (213) 633-6800  FAX NO. (Optional): (213) 633-6899<br>E-MAIL ADDRESS (Optional): jeffikejiri@dwt.com<br>ATTORNEY FOR (Name): Plaintiff United Food Group, LLC | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>AUG 2 2 2011<br><br>JOHN A. CLARKE, CLERK<br>*Graciela S. Hironaka*<br>BY GRACIELA S. HIRONAKA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: UNITED FOOD GROUP, LLC

DEFENDANT/RESPONDENT: CARGILL, INC., et al.

| REQUEST FOR DISMISSAL | |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle  ☐ Other<br>☐ Family Law  ☐ Eminent Domain<br>☒ Other (specify) : Indemnification | CASE NUMBER:<br>BC 465430<br><br>~~RECEIVED~~<br>AUG 2 2 2011<br>FILING WINDOW |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) ☐ With prejudice  (2) ☒ Without prejudice
  b. (1) ☐ Complaint  (2) ☐ Petition
    (3) ☐ Cross-complaint filed by (name):  on (date):
    (4) ☐ Cross-complaint filed by (name):  on (date):
    (5) ☐ Entire action of all parties and all causes of action
    (6) ☒ Other (specify):* All causes of action asserted against Defendants Cargill Meat Solutions Corporation, a Delaware corporation; Cargill Meat Solutions Corporation, a Delaware corporation dba Beef Packers, Inc., dba The Fresno Meat Company; Beef Packers, Inc., a California corporation; Beef Packers, Inc., a California corporation, dba The Fresno Meat Company; Cargill Meat Logistics, a Kansas corporation; Cargill Value Added Meats; Cargill, Inc. dba Cargill/Excel

2. (Complete in all cases except family law cases.)
  ☐ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: August 22, 2011

Jeffrey H. Ikejiri
_____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)  ▶  _____ (SIGNATURE)
*If dismissal requested is of specified parties only or specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.  Attorney or party without attorney for ~~Plaintiff~~

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
  Date:

_____  ▶  _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)  (SIGNATURE)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).  Attorney or party without attorney for Defendants

(To be completed by clerk)
4. ☑ Dismissal entered as requested on (date):  AUG 2 2 2011
5. ☐ Dismissal entered on (date):  as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
  b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
    ☐ a copy to be conformed  ☐ means to return conformed copy  G. S. HIRONAKA

Date: AUG 2 2 2011  John A. Clarke  Clerk, by _____, Deputy
Executive Officer/Clerk

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]
DWT 17828148v1 0094139-000001

**REQUEST FOR DISMISSAL**

**ORIGINAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

CIV-110

| PLAINTIFF/PETITIONER: UNITED FOOD GROUP, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CARGILL, INC., et al. | BC 465430 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐  is not recovering anything of value by this action.
   b. ☐  is recovering less than $10,000 in value by this action.
   c. ☐  is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes   ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶

_____          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

*United Food Group vs. Cargill Inc.*
**United States District Court, Central District of California**
**Western Division, Case No.:**
**[Superior Court of the State of California, County of Los Angeles,**
**Central District Case No.: BC465430]**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 S. Figueroa Street, Suite 4200, Los Angeles, California 90017.

    On September 19, 2011, I served the following documents described as

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)

on all interested parties in this action by placing a true copy or the original thereof enclosed in a sealed envelope or package addressed as:

Davis Wright Tremaine
865 S. Figueroa Street
Suite 2400
Los Angeles, CA 90017
Tel: 213-633-6800
Fax: 213-633-6899
Email:
*Attorney for Plaintiff United Food Group*

☒ **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this (these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

    Executed on September 19, 2011, at Los Angeles, California.

_____
Donna Williams

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

4844-2190-0298.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 7752 JHN (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**PROOF OF SERVICE**
*United Food Group vs. Cargill Inc.*
**United States District Court, Central District of California
Western Division, Case No.: _____**
**[Superior Court of the State of California, County of Los Angeles,
Central District Case No.: BC465430]**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the City of Los Angeles in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 601 S. Figueroa Street, Suite 4200, Los Angeles, California 90017.

On September 20, 2011, I served the following documents described as

**NOTICE OF ASSIGNMENT TO UNITED STATE MAGISTRATE JUDGE
FOR DISCOVERY**

on all interested parties in this action by placing a true copy or the original thereof enclosed in a sealed envelope or package addressed as:

Davis Wright Tremaine
865 S. Figueroa Street
Suite 2400
Los Angeles, CA  90017
Tel:  213-633-6800
Fax:  213-633-6899
Email:
*Attorney for Plaintiff United Food Group*

☒ **(BY MAIL, 1013a, 2015.5 C.C.P.)**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this (these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on September 20, 2011, at Los Angeles, California.

Donna Williams

 COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

UNITED FOOD GROUP, LLC

**DEFENDANTS**

CARGILL, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Davis Wright Tremaine LLP
865 S. Figueroa Street
Suite 2400
Los Angeles, CA 90017
Tel: 213-633-6800
Fax: 213-633-6899

Attorneys (If Known)

Stephanie A. Hingle, Esq. (SBN 199396)
Nicholas L. Secord, Esq. (SBN 237398)
Kutak Rock LLP
601 South Figueroa Street, Suite 4200
Los Angeles, CA 90017
Tel: 213-312-4000

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:**  ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:**  ☐ Yes  ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 11,500,000.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1332 and 1441 - Claims removed under Diversity Statute.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

CV11-7752

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No    [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No    [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.   VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES | STATE OF CALIFORNIA |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| NOT APPLICABLE | CARGILL, INC.- STATE OF DELAWARE/MINNESOTA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF LOS ANGELES ALLEGED | STATE OF CALIFORNIA ALLEGED |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.   SIGNATURE OF ATTORNEY (OR PRO PER):** _Nicholas L. Secord_   Date September 19, 2011

Nicholas L. Secord

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                         CIVIL COVER SHEET                                         Page 2 of 2

**PROOF OF SERVICE**
*United Food Group vs. Cargill Inc.*
**United States District Court, Central District of California**
**Western Division, Case No.:**
**[Superior Court of the State of California, County of Los Angeles,**
**Central District Case No.: BC465430]**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 S. Figueroa Street, Suite 4200, Los Angeles, California 90017.

    On September 19, 2011, I served the following documents described as

**CIVIL COVER SHEET**

on all interested parties in this action by placing a true copy or the original thereof enclosed in a sealed envelope or package addressed as:

Davis Wright Tremaine
865 S. Figueroa Street
Suite 2400
Los Angeles, CA 90017
Tel: 213-633-6800
Fax: 213-633-6899
Email:
*Attorney for Plaintiff United Food Group*

☒ **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this (these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

    Executed on September 19, 2011, at Los Angeles, California.

Donna Williams

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

4844-2190-0298.1

PROOF OF SERVICE