```
 1  DAVID A. ERNST (Admitted Pro Hac Vice)
       davidernst@dwt.com
 2  DAVIS WRIGHT TREMAINE LLP
    1300 SW Fifth Avenue, Suite 2300
 3  Portland, Oregon 97201
    Telephone:    (503) 778-5385
 4  Facsimile:    (503) 778-5299

 5  LORING ROSE (State Bar No. 251727)
       loringrose@dwt.com
 6  DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, Suite 2400
 7  Los Angeles, California  90017-2566
    Telephone:    (213) 633-6800
 8  Facsimile:    (213) 633-6899

 9  Attorneys for Plaintiff
10  UNITED FOOD GROUP, LLC
```

FILED 2012 JUN 29 PM 4:01 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED FOOD GROUP, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>CARGILL, INC., a Delaware corporation; CARGILL MEAT SOLUTIONS CORPORATION, a Delaware corporation; CARGILL MEAT SOLUTIONS CORPORATION, a Delaware corporation dba BEEF PACKERS, INC., dba THE FRESNO MEAT COMPANY; BEEF PACKERS, INC., a California corporation; BEEF PACKERS, INC., a California corporation, dba THE FRESNO MEAT COMPANY; CARGILL MEAT LOGISTICS, a Kansas corporation; CARGILL VALUE ADDED MEATS; CARGILL, INC., dba CARGILL/EXCEL; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. **CV11-7752 ~~JHN~~ MWF (AJWx)**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **EQUITABLE INDEMNITY – STRICT LIABILITY**<br>2. **EQUITABLE INDEMNITY – NEGLIGENCE**<br>3. **COMPARATIVE EQUITABLE INDEMNITY**<br>4. **BREACH OF IMPLIED WARRANTIES**<br>5. **DECLARATORY RELIEF**<br><br>Assigned to the Hon. Jacqueline Nguyen<br><br>Action Filed: July 15, 2011<br><br>Action Removed: September 19, 2011 |

Plaintiff UNITED FOOD GROUP, LLC, a California Limited Liability Company ("UFG"), alleges as follows:

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## THE PARTIES

1. Plaintiff UNITED FOOD GROUP, LLC is a California Limited Liability Company, with its principal place of business in the City of Vernon, County of Los Angeles, California. UFG is a distributor of food products, including beef.

2. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL, INC. is a Delaware corporation qualified to do business in the State of California. CARGILL, INC. is a privately held international processor of food and other products, including beef. CARGILL, INC. is the parent company of, and wholly owns, CARGILL MEAT SOLUTIONS CORPORATION, BEEF PACKERS, INC., CARGILL MEAT LOGISTICS, THE FRESNO MEAT COMPANY, EXCEL®, EXCEL® FRESH MEATS, and CARGILL VALUE ADDED MEATS, among other subsidiaries (hereinafter collectively referred to as the "Cargill Entities"). CARGILL, INC. has its world headquarters in Minneapolis, Minnesota, its meat business headquarters in Wichita, Kansas, is qualified to do business in California, and has a major center of beef processing operations located in California.

3. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT SOLUTIONS CORPORATION is a Delaware corporation with its principal place of business in Wichita, Kansas and is qualified to do business in California.

4. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT SOLUTIONS CORPORATION was at certain times relevant herein doing business as BEEF PACKERS, INC., with its principal place of business in California.

5. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant BEEF PACKERS, INC. is a California corporation with its principal place of business in California.

6. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant BEEF PACKERS, INC., a California corporation, was at certain times

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

relevant herein doing business as THE FRESNO MEAT COMPANY, with its principal place of business in California.

7. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT LOGISTICS is a Kansas corporation with its principal place of business in Wichita, Kansas, with a major center of beef processing operations located in California.

8. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL MEAT SOLUTIONS CORPORATION was at certain times relevant herein doing business as CARGILL/EXCEL and/or sold beef under the brand name(s) of EXCEL® and/or EXCEL® FRESH MEATS out of its beef processing plant in located in California.

9. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, Defendant CARGILL VALUE ADDED MEATS is a division of CARGILL, INC., and is a corporation of unknown origin with a central beef processing plant located in California.

10. UFG is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Cargill Entities operates beef slaughter and fabrication facilities and manufactures, processes, distributes, and supplies beef products to processors, distributors, retailers, and other institutions throughout the United States, including UFG.

11. UFG is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive, and, therefore, sues said defendants by such fictitious names. UFG will amend this Complaint to allege their true names and capacities when ascertained. UFG is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is in some manner responsible for the acts and events alleged herein, and that UFG's damages and other relief sought herein was proximately caused by their conduct. Each reference in this Complaint to "Defendant" or "Defendants," also refers to all Defendants sued under fictitious names.

///

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

12. UFG is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants were the agents, employees, partners, principals, representatives, and/or affiliates of each of the remaining Defendants and were, at all times herein mentioned, acting within the course and scope of such relationships, unless otherwise alleged. Moreover, at all times herein mentioned, each Defendant did confirm, consent to, affirm, direct, authorize, acknowledge, and ratify the acts of each and every other Defendant herein as to each of the acts hereinafter alleged.

## STATEMENT OF FACTS

13. *E. coli* O157:H7 is a specific member of a bacterial family that can cause illness in humans. After a susceptible individual ingests *E. coli* O157:H7, the bacteria attaches to the inside surface of the large intestine and initiates an inflammatory reaction of the intestine. *E. coli* O157:H7 can produce a wide spectrum of disease from mild, non-bloody diarrhea to severe bloody diarrhea to, rarely, life-threatening complications.

14. Based on the investigation by the United States Department of Agriculture's Food Safety and Inspection Service's ("FSIS"), on June 3, 2007, UFG voluntarily recalled 75,000 pounds of ground beef due to possible *E. coli* O157:H7 contamination. The ground beef subject to recall allegedly had been produced by UFG in April 2007, and shipped to distribution centers in Arizona, California, Colorado, Oregon, and Utah. By June 9, 2007, UFG had expanded the recall to include a total of approximately 5.7 million pounds of ground beef produced between April 6 and April 20, 2007, and shipped to eleven western states, including California, Arizona, Idaho, Montana, Nevada, North Dakota, Oregon, Utah, Washington, and Wyoming.

15. UFG supplies fresh and frozen beef products, with Lean Finely Textured Beef ("LFTB") incorporated within the finished products, to retail stores. Some beef is packaged into "chubs" at UFG. Other beef is sold to retail stores that then "regrind" and repackage the beef for sales to consumers. UFG purchases its beef products, including the beef products allegedly related to the *E. coli* outbreak, from beef processors including Defendants.

///

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

16. UFG traced the source of tainted beef associated with the *E. coli* O157:H7 outbreak to limited suppliers: Defendant CARGILL, INC. and/or one of its subsidiary Cargill Entities, who supplied UFG with tainted beef processed in April 2007; Does 1 through 50, who supplied UFG with tainted beef processed in April 2007.

17. As a result of the *E. coli* outbreak and recall, beginning in June 2007, UFG received over 225 claims from consumers of the allegedly contaminated beef products (collectively, "Claimants"), and was sued by one of the Claimants, in a case captioned *Lawrence Fournier as Guardian ad Litem on behalf of Lauren Fournier, a minor v. United Food Group, LLC, a California corporation and Does 1 through 20, Inclusive*, in the Superior Court of Riverside County, Case No. RIC 473462.

18. UFG denied and continues to deny liability for each Claimant's damages; however, based on investigation confirming the source of the beef and/or reasonable and independently verifiable information related to the purchase date, place, and type of beef product consumed by the Claimants as well as health records establishing confirmed or suspected *E. coli* O157:H7-related illness, there was a reasonable probability that UFG would be held liable to the Claimants for their damages relating to their illnesses.

19. To protect its rights, therefore, even though Defendants and not UFG were ultimately responsible for the *E. coli* outbreak, UFG has since April 2009 paid out and settled certain of the Claimants' claims for personal and economic damages in excess of $11,500,000.00, which amounts are based on reasonable estimates of UFG's liability at the time of all such payments, based on facts known at the time and in the face of actual, potential, or reasonably apparent liability.

20. UFG asserted in its Answer to the *Fournier* Complaint that other parties were liable for the damages alleged therein. UFG further sent letters to suppliers including some Defendants, requesting that they participate in and contribute to settlements with Claimants; Defendants, and each of them, refused. In all releases and settlements entered into with the Claimants, UFG has expressly reserved its right to pursue claims against Defendants and others.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

21. By virtue of UFG's status as an alleged mid-chain supplier of the Tainted Beef, UFG has paid claims to the Claimants totaling, to date, in excess of $11,500,000.00. UFG has also paid attorneys' fees and costs to defend the Claimants' claims and the *Fournier* lawsuit in an amount according to proof at trial. UFG has also suffered consequential commercial losses arising from lost customer orders due to the recall in an amount according to proof at trial but not less than $4.5 million.

22. On March 31, 2010, UFG and the Cargill Entities entered into a tolling agreement, which tolled any applicable statute of limitations. This agreement was in effect until July 10, 2011, when it was terminated in the manner set forth in said agreement. As such, this action was commenced within the applicable statute of limitations.

## FIRST CAUSE OF ACTION
## TOTAL EQUITABLE INDEMNITY BASED ON DEFENDANTS' STRICT LIABILITY
### (By UFG Against All Defendants)

23. UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 above, as if the same were set forth completely herein.

24. Defendants, and each of them, are product manufacturers of the beef contaminated with *E. coli* O157:H7 ("Tainted Beef") to UFG.

25. Defendants, and each of them, produced, manufactured, processed, supplied, and distributed the Tainted Beef to UFG.

26. Defendants, and each of them, owed a duty to UFG to manufacture a product that was reasonably safe in construction, i.e., for human consumption, and that did not materially deviate from applicable specifications or otherwise deviate in some material way from otherwise identical units in the food products manufactured by Defendants.

27. The food products that injured the Claimants, which food was manufactured by Defendants, were not reasonably safe in construction or safe for human consumption because they were contaminated and adulterated with *E. coli* O157:H7.

///

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

28. Because the food manufactured by the Defendants, sold to UFG, and consumed by the Claimants, was not reasonably safe in construction or for human consumption, Defendants, and each of them, are strictly liable for the damages suffered by the Claimants as a result of their consumption of contaminated food.

29. UFG denies that it is in any way responsible for the *E. coli* outbreak or Claimants' damages. However, UFG faced actual, potential, or reasonably apparent liability, and therefore has paid the Claimants' claims based on a reasonable estimate of its potential liability based on the facts known at the time of settlement.

30. As a direct and proximate result of Defendants' acts and omissions, including the manufacture, processing, and delivery into the stream of commerce the Tainted Beef described above, the consumption thereof by the Claimants, and the reasonable payment in settlement of those claims by UFG, UFG has suffered economic damages, incidental damages, and consequential damages in an amount according to proof at trial, including but not limited to damages for payment of the Claimants' claims and attorneys' fees and costs, damages for commercial losses suffered by UFG in an amount according to proof at trial but not less than $4.5 million, and other ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances.

31. The damages alleged in the Complaint were primarily and actively caused by Defendants. UFG was not actively negligent, nor was UFG a volunteer. Equity requires that Defendants fully indemnify UFG. UFG is therefore entitled to total and complete indemnity from Defendants, and each of them, from any loss it has sustained as a result, including, but not limited to, the past and future amounts of settled claims paid by UFG plus all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

32. Further, in the event that UFG is held responsible to any other person(s) or entity(ies) for any loss or damage relating to or arising out of the *E. coli* outbreak, then UFG is entitled to total and complete indemnity from Defendants, and each of them, from any loss it may

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

sustain in the future as a result, including, but not limited to, all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

33.   Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants' claims, the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all future actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

## SECOND CAUSE OF ACTION

## TOTAL EQUITABLE INDEMNITY BASED ON DEFENDANTS' NEGLIGENCE

### (By UFG Against All Defendants)

34.   UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 above, as if the same were set forth completely herein.

35.   Defendants, and each of them, were negligent in manufacturing, processing, distributing, supplying, and selling a product that was not reasonably safe in construction, i.e., for human consumption.

36.   Defendants, and each of them, had duties to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling and sale of their food products, including, but not limited to, the Federal Food, Drug and Cosmetics Act and its California state equivalent, which ban the manufacture, sale, and distribution of "adulterated" food.

37.   Defendants, and each of them, owed a duty to UFG and the Claimants to use supplies and raw materials that complied with federal, state, and local food laws, ordinances, and regulations; that were from safe and reliable sources; that were clean, wholesome, and free from spoilage and adulteration; and that were safe for human consumption.

38.   Defendants, and each of them, owed a duty to UFG and the Claimants to use reasonable care in the selection, supervision, and monitoring of their food suppliers or other subcontractors.

8

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

39. Defendants, and each of them, breached the aforementioned duties as alleged herein by manufacturing, processing, distributing, supplying, and selling a product that was not reasonably safe in construction or safe for human consumption because it was contaminated and adulterated with *E. coli* O157:H7.

40. As a result of the negligence of each Defendant as herein alleged, UFG suffered economic loss and consequential damages, including, but not limited to, UFG's attorneys' fees and costs to defend and settle said Claimants' claims and the *Fournier* lawsuit, and damages for commercial losses suffered by UFG in an amount according to proof at trial but not less than $4.5 million.

41. The damages alleged in the Complaint were primarily and actively caused by Defendants. UFG was not actively negligent, nor was UFG a volunteer. Equity requires that Defendants fully indemnify UFG. UFG is therefore entitled to total and complete indemnity from Defendants, and each of them, from any loss it has sustained as a result, including but not limited to the past and future amounts of settled claims paid by UFG plus all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

42. Further, in the event that UFG is held responsible to any other person(s) or entity(ies) for any loss or damage relating to or arising out of the *E. coli* outbreak, then UFG is entitled to total and complete indemnity from Defendants, and each of them, from any loss it may sustain in the future as a result, including but not limited to all costs, attorneys' fees, and/or judgments which might be rendered against UFG, because UFG's liability, if any, would be based either on its passive or secondary negligent conduct, and would arise as a proximate result of the primary and active negligence of the Defendants herein, and each of them.

43. Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants' claims and the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

9

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

future actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

### THIRD CAUSE OF ACTION

### COMPARATIVE EQUITABLE INDEMNITY

### (By UFG Against All Defendants)

44. UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43 above, as if the same were set forth completely herein.

45. The damages alleged in the Complaint were primarily and actively caused by Defendants. UFG was not actively negligent, nor was UFG a volunteer. If it is determined that UFG is partially liable for any *E. coli* outbreak-related damages, which liability is expressly denied, UFG is entitled to comparative indemnity from Defendants, and each of them, from any loss it has sustained as a result, including, but not limited to, the past and future amounts of settled claims paid by UFG plus all costs, attorneys' fees, and/or judgments which might be rendered against UFG, based upon a determination of the proportionate negligence and fault of all parties.

46. Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants' claims and the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all future actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

### FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES

### (By UFG Against All Defendants)

47. UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 above, as if the same were set forth completely herein.

48. UFG bought the beef products at issue from Defendants.

49. At the time of purchase, Defendants were, and are currently in, the business of selling such products.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

10

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

50. Defendants, and each of them, provided implied warranties to UFG relative to the beef products they sold to UFG, including but not limited to the implied warranties of merchantability, safety, and fitness for human consumption, and fitness for a particular purpose, i.e., resale to consumers for human consumption.

51. UFG reasonably relied upon the skill and judgment of Defendants as to whether the products were of merchantable quality and fit for resale to consumers and for human consumption.

52. The food products that injured the Claimants, which food was manufactured by Defendants, did not conform to Defendants' implied warranties, because they were contaminated with and adulterated with *E. coli* O157:H7.

53. Defendants, and each of them, breached these implied warranties in that their food products sold to UFG were contaminated with and adulterated with *E. coli* O157:H7.

54. UFG took reasonable steps to notify Defendants of said breach.

55. As a direct and proximate result of the Defendants' breach of these implied warranties, the consumption thereof by the Claimants, and the reasonable payment in settlement of those claims by UFG, UFG has suffered economic damages, incidental damages, and consequential damages in an amount according to proof at trial, including but not limited to damages for payment of the Claimants' claims and attorneys' fees and costs, damages for commercial losses suffered by UFG in an amount according to proof at trial but not less than $4.5 million, and other ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances.

56. Pursuant to California Code of Civil Procedure § 1021.6, UFG demands that Defendants hereafter indemnify UFG for the attorneys' fees it incurred to defend the Claimants' claims and the *Fournier* lawsuit, and demands that Defendants defend UFG against any and all future actions, lawsuits, and claims brought by any individual or entity as a result of the *E. coli* outbreak.

/ / /

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

## FIFTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (By UFG Against All Defendants)

57. UFG re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 56 above, as if the same were set forth completely herein.

58. An actual and substantial controversy has arisen and now exists between UFG and Defendants, and each of them, concerning their respective rights and duties with respect to the Claimants' damages as a result of the *E. coli* outbreak as alleged herein, and to the extent that any damages, judgments, or other awards are rendered against UFG, it is entitled to a finding of indemnification from Defendants, and each of them, as well as recovery of its attorneys' and consultant fees and costs whether a judgment is entered or not.

59. UFG seeks a judicial determination of its rights and the duties of the parties, and a declaration that Defendants, and each of them, are obligated to defend, indemnify, and hold UFG harmless for the damages and losses incurred as a result of the *E. coli* outbreak, as well as reimburse UFG for all expenses it may incur and has incurred in defense of the Claimants' claims, the claims of any other person(s) or entity(ies), and the prosecution of this Complaint.

60. Such a declaration is necessary and appropriate at this time so that UFG may ascertain its rights and duties relative to the prosecution and defense of this action and the payment of damages, judgments, or other awards to the extent any are awarded against UFG.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff UNITED FOOD GROUP, LLC prays for the entry of orders or judgment against Defendant as follows:

1. For full equitable indemnity in an amount to be determined at trial according to proof, but in the amount not less than $11,500,000.00, together with interest thereon as provided by law;

/ / /

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

2. For consequential damages for commercial losses in an amount to be determined at trial according to proof, but in an amount not less than $4.5 million, together with interest thereon as provided by law;

3. For comparative equitable indemnity;

4. For declaratory relief;

5. For all other general, compensatory, special, consequential, and incidental damages according to proof;

6. For costs of suit incurred herein;

7. For attorneys' fees, pursuant to California Code of Civil Procedure § 1021.6 and as otherwise afforded under the law; and

8. For such other and further relief as the Court deems just and proper.

DATED: June 29, 2012

DAVIS WRIGHT TREMAINE LLP

DAVID A. ERNST
LORING ROSE


By: /s/ David A. Ernst
David A. Ernst
Loring Rose

Attorneys for Plaintiff
UNITED FOOD GROUP, LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

FIRST AMENDED COMPLAINT
DWT 19461316v1 0094139-000001

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 29, 2012, I served the foregoing document(s) described as:
**FIRST AMENDED COMPLAINT**
by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Ralph A. Weber, Esq.
> Amelia McCarthy, Esq.
> Shawn Stevens, Esq.
> Gass Weber Mullins LLC
> 309 North Water Street
> Milwaukee, WI  5320
>
> Stephanie A. Hingle, Esq.
> Nicholas L. Secord, Esq.
> KUTAK ROCK LLP
> 601 South Figueroa Street, Suite 4200
> Los Angeles, CA  90017

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 29, 2012, at Los Angeles, California.

☐   State      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒   Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____        _____
Yvonne Godson                  Signature
Print Name

PROOF OF SERVICE
DWT 18410352v1 0094139-000001

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899